NOT DESIGNATED FOR PUBLICATION

No. 121,973

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC B. BREWER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 2, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before WARNER, P.J., MALONE, and BRUNS, JJ.

PER CURIAM: Eric B. Brewer appeals the district court's denial of his request to modify his sentence after revoking his probation. Brewer complains that the district court abused its discretion in declining to run his underlying sentence concurrently with three prior municipal court sentences. We granted Brewer's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition, but it asks that the district court's judgment be affirmed. Finding no abuse of discretion, we affirm the district court's judgment.

In 2018, Brewer pled guilty to one count of felony domestic battery and one count of misdemeanor battery in case 18CR1962. The convictions arose out of an incident between Brewer and his girlfriend, S.L. The district court imposed a controlling sentence

1

of 18 months in jail but granted probation for 12 months. The district court also ordered that the sentence run consecutively to Brewer's sentences in three prior municipal court cases, all involving domestic battery convictions.

While on probation, Brewer pled guilty to criminal damage to property in case 19CR1213. This new case also arose from a domestic violence incident involving S.L. As a result, the district court revoked Brewer's probation in case 18CR1962 because he committed a new crime and was a threat to public safety. Brewer asked the district court to modify his sentence in 18CR1962 and run the 18-month jail term concurrently with the three prior municipal court sentences. The district court denied this request noting Brewer's extensive criminal history involving multiple batteries and his failure to take advantage of probation opportunities.

On appeal, Brewer claims the district court "erred by denying [his] request for a sentence modification to have his three municipal court cases run concurrently with this case." Brewer acknowledges that it is within the district court's discretion to run the sentences in the separate cases concurrently or consecutively. The State responds that Brewer "has failed to present any compelling argument as to why the district court abused its discretion in running the sentences consecutively."

K.S.A. 2019 Supp. 22-3716(c)(1)(C) provides that upon revoking an offender's probation, the district court may require the offender to serve the original sentence "or any lesser sentence." The district court's decision to modify a sentence upon revoking probation rests within the court's discretion. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Brewer bears the burden to show an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

2

Brewer fails to provide any facts to show how the district court abused its discretion in failing to modify the sentence. The record reflects that Brewer has been convicted of crimes in five separate cases arising from domestic violence. The district court noted that Brewer needed to serve each sentence separately because of his failure to take advantage of probation opportunities. Brewer fails to convince us that no reasonable person would have taken the district court's position. We conclude the district court did not abuse its discretion in denying Brewer's request for a sentence modification.

Affirmed.